# In the United States Court of Federal Claims

No. 19-425C
(Filed July 9, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
NOVAD MANAGEMENT                  *
CONSULTING, LLC,                  *
                                  *
              Plaintiff,          *
                                  *
      v.                          *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

On June 14, 2019, defendant filed its second request for a thirty-day enlargement of the time period in which to respond to plaintiff's amended complaint. *See* ECF No. 9. Although it did not oppose the first motion, plaintiff Novad Management Consulting, LLC, filed a response opposing this second extension. *See* ECF No. 11. In its response, Novad argues that it will be prejudiced by a further delay, contending (without any supporting citation) that courts have found such prejudice due to the delay of a "just, speedy, and inexpensive determination" of claims, in contravention of Rule 1 of the Rules of the United States Court of Federal Claims. *Id*. at 2. But the mere fact of the delay alone cannot be enough to establish prejudice, otherwise every opposed motion for an extension would have to be denied.

Plaintiff fails to specify any prejudice to its case based on the thirty-day delay, such as witnesses with fading memories, deteriorating evidence, and the like. Nor does Novad identify any financial injury that might result from the delay---no doubt because this case is brought under the Contract Disputes Act, entitling plaintiff to interest dating from the time it filed its claims with the contracting officer. *See* 41 U.S.C. § 7109; First Am. Compl. at 26–27 (requesting relief including interest). Thus, Novad is financially compensated for any delays in receiving its

payment from the government, were it to prevail. Plaintiff also stresses the amount of time that has elapsed from the filing of its initial complaint, although the amended complaint is thirty-five paragraphs longer and thus necessitates additional investigation on the part of defendant.

The Court does not find that Novad will be prejudiced by an additional thirty-day delay in the filing of the government's response to the amended complaint. As defendant has adequately explained that its counsel is still in the process of receiving information from the Department of Housing and Urban Development that is critical to its response, good cause has been shown to support its motion. Accordingly, the motion to further enlarge the time period in which to respond to the amended complaint is **GRANTED**. Defendant shall file its response to the amended complaint on or by **Friday, July 19, 2019**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge